UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| TONY COX, | No. 2:17-cv-00989-MCE-CKD |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| RON RACKLEY; COUNTY OF SAN JOAQUIN dba SAN JOAQUIN GENERAL HOSPITAL; and DOES 1 through 30, inclusive. | |
| Defendants. | |

Through the present lawsuit, Plaintiff Tony Cox ("Plaintiff") alleges he suffered catastrophic injuries due to substandard care he received both while incarcerated at Folsom State Prison and at San Joaquin General Hospital. Plaintiff's currently operative pleading, the Second Amended Complaint ("SAC"), seeks damages for those injuries and names both San Joaquin General Hospital and Ron Rackley, the Warden of Folsom State Prison ("Rackley'), as Defendants.

Presently before the Court is Defendant Rackley's Motion to Dismiss the SAC, made on grounds that it fails to state any viable claim against him in accordance with Federal Rule of Civil Procedure 12(b)(6). As set forth below, that Motion is GRANTED.[1]

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered the Motion submitted on the briefs pursuant to Local Rule 230(g).

1

# BACKGROUND[2]

Plaintiff claims that in or around April of 2016, while incarcerated at Folsom State Prison, he injured his spine while exercising/lifting weights. According to Plaintiff, in the days following this injury he was in severe pain and asked to be seen by a doctor. When he was seen by a prison nurse several days later, Plaintiff states that the nurse declined his request to be either examined by a physician or taken to the hospital, and instead only prescribed medication for the pain he was experiencing. Plaintiff alleges that the pain was so severe that he could not pick up the medication because he could neither descend/stairs nor stand in line to retrieve it. Plaintiff eventually told a correctional officer that he needed to go "man down"[3] and had to have medical care immediately.

Plaintiff was seen by a doctor and received x-rays. He was subsequently scheduled to be seen by a nurse on June 2, 2016, and stated by that time his left leg felt limp and he had difficulty moving. Rather than send him to the hospital immediately, Plaintiff claims that prison medical staff waited three hours before he was finally transported by ambulance to San Joaquin General Hospital. Once he arrived at the hospital, Plaintiff claimed that hospital staff transferred him between gurneys despite being told by Plaintiff that he was in too much pain to be moved. According to Plaintiff, immediately upon being placed in the second gurney, he felt a twinge between his shoulders at the base of the neck before his entire body went numb. An MRI was subsequently taken, and Plaintiff was told he needed emergency spinal surgery. When asked to sign the surgical consent forms, however, Plaintiff discovered he could not move.

///

---

[2] Unless otherwise indicated, the facts set forth in this section are taken, at times verbatim, from the allegations contained in Plaintiff's SAC. ECF No. 14.

[3] According to the Complaint, at Folsom State Prison, "man down" is a procedure in which inmates can inform a guard that they need the guards to get a gurney and bring them to a medical professional. SAC, ¶ 26.

Although Plaintiff did undergo the emergency surgery, he claims it was unsuccessful and he was initially declared paraplegic before later being characterized as quadriplegic. Plaintiff claims that Defendants failed to respond appropriately to his requests for medical attention and failed to provide him with adequate medical care. As a result of Defendants' conduct, Plaintiff asserts he "will forever suffer as a wheelchair bound quadriplegic." SAC, ¶ 41.

Aside from including Rackley as a defendant, Plaintiff's SAC fails to make any specific factual allegations against any named individuals. With respect to Rackley, even Plaintiff concedes that the allegations against him basically boil down to two paragraphs. First, Plaintiff alleges that "the acts and omissions complained of herein were done pursuant to customs and policies authorized, condoned, ratified and carried out by all Defendants that resulted in delayed and denied medical care . . . ." SAC, ¶ 51. Second, according to the SAC, "Defendants enacted, enforced, and/or ratified a custom, practice or policy of declining to refer inmates for outside medical care in all but the most extreme circumstances… even for those conditions (such as Plaintiff Tony Cox's crisis) that it knew or should have known Prison staff were ill-equipped to handle." Id. at ¶ 76. Plaintiff claims that these allegations, which he emphasizes are against Defendants collectively and would consequently include Rackley, provide sufficient facts to support his claims against Rackley. Plaintiff therefore argues that Rackley's Motion to Dismiss should be denied. Pl.'s Opp., 4:9-23.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the

3

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the

amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

**A.  Viability of Plaintiff's Claims against Rackley under 42 U.S.C. § 1983**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). To state a Section 1983 claim, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010).

As the defense points out, while Plaintiff's SAC provides a fairly detailed account of the events leading up to his transfer from Folsom State Prison to San Joaquin General Hospital, and although the SAC alleges that beginning in April of 2016 he informed various unnamed correctional officers and medical personnel of the pain he was experiencing, Plaintiff makes no specific averments that either he or anyone else ever informed Rackley of those developments, nor does he explain how Rackley was

1  personally involved in the alleged refusal and/or failure to provide him with appropriate
2  medical care and transfer him to a hospital.

3  Instead, as Plaintiff all but concedes, all the operative SAC states is that
4  "Defendants" (which would include Rackley) were engaged in a custom and/or policy
5  resulting in delayed medical care, and that said "Defendants" furthermore had a practice
6  and/or policy of declining to refer inmates for outside medical care in all but the most
7  extreme circumstances. See SAC, ¶¶ 51,76. Lumping all defendants together in this
8  fashion without further explication, however, violates both Supreme Court and Ninth
9  Circuit precedent to the effect that the personal participation of each defendant must be
10  demonstrated in order to state a viable Section 1983 claim. See Iqbal, 556 U.S. at 676-
11  77; Simmons v. Navajo County, 609 F.3d at 1020-21.

12  In addition, this District has also made it clear that attempts to impute liability to all
13  defendants fail, and that a plaintiff must instead allege specific facts supporting the
14  individual liability of each defendant. See J.M. v. Pleasant Ridge Union Sch. Dist.,
15  No. 2:16-cv-00897 WBS-CKD, 2017 WL 117965, at *2 (failure to delineate conduct by a
16  specific defendant prevents the court from drawing the reasonable inference that the
17  specific defendant is liable for the claim alleged and justifies dismissal of the claim);
18  Cruz v. Gipson, No. 1:14-cv-00418 BAM-PC, 2015 WL 6689550, at *4 (E.D. Cal. 2015)
19  (rejecting pleading—like the SAC here—where the plaintiff uses the omnibus term
20  "defendants" throughout a complaint by grouping defendants together without specifying
21  the alleged misconduct of each of the particular defendants); Willard v. California Dep't
22  of Corrections & Rehabilitation, No. 1:14-cv-0760 BAM, 2014 WL 6901849, at *7 (E.D.
23  Cal. 2014) (finding insufficient the allegations that lump all individual defendants together
24  without delineating a factual basis for each individual defendant's potential liability).

25  Aside from these plainly insufficient factual allegations, all the SAC really says is
26  that Rackley happened to be the Warden of Folsom State Prison. That status alone,
27  however, is not enough to hold Rackley liable for damages like those sought by Plaintiff
28  here. See Conway v. California Health Care Facility, No. 2:15-cv-01139 KJN P, 2015

WL 4419842, at *3 (E.D. Cal. 2015); Haley v. California Dep't of Corr. & Rehab., No. 1:13-cv-00226-AWI-GSA-PC, 2015 WL 1828228, at *3 (E. D. Cal. 2015).

Additionally, although Plaintiff correctly points out that Rackley can incur liability under Section 1983 for supervisory liability, to do so Plaintiff must still allege sufficient facts to plausibly establish his "knowledge of" and "acquiescence in" the unconstitutional conduct of his subordinates. See Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012). Plaintiff has failed to do so.

Because Plaintiff's SAC fails to pass muster under 42 U.S.C. § 1983, for pleadings purposes, Defendant's Rackley's Motion to Dismiss the First and Second Claims for Relief, both of which are predicated on alleged violations of Section 1983, is granted.

### B.     Viability of Plaintiff's State Law Claims

Consistent with the provisions of federal law delineated above, California Government Code § 951 makes it clear that state law claims made against elected or appointed state or local officers, to the extent they are acting under color of law and sued in their individual capacity, must also be alleged with particularity:

> Notwithstanding section 425.10 of the Code of Civil Procedure, any complaint for damages in any civil action brought against a publicly elected or appointed state or local officer, in his or her individual capacity, where the alleged injury is proximately caused by the officer acting under color of law, **shall allege with particularity sufficient material facts to establish the individual liability of the publicly elected or appointed state or local officer** and the plaintiff's right to recover therefrom.

While Plaintiff, in opposition to Rackley's Motion, questions whether Rackley is a "publicly elected or appointed state or local officer" so as to come within the purview of § 951, Rackley has shown in reply that he was in fact appointed by California Governor Edmund G. Brown, Jr. to his position as Warden of Folsom State Prison on or about February 6, 2015.[4]

---

[4] Rackley's Request for Judicial Notice as to that appointment, made pursuant to Federal Rule of Evidence 201(b)(2) and 201 (c)(2), is hereby granted.

7

California Government Code § 820.8 also tracks federal law in precluding respondeat superior liability against a public employee like Defendant Rackley. See Milton v. Nelson, 527 F.2d 1158, 1159 (9th Cir. 1975) (citing § 820.8 for the proposition that "supervisory personnel whose personal involvement is not alleged may not be responsible for the acts of their subordinates under California law"); Walsh v. Tehachapi Unified School Dist., 827 F. Supp. 2d 1107, 1124-25 (E.D. Cal. 2011) (finding that while a school district was liable for the actions of its employees, the school superintendent was immunized from vicarious liability for the acts of others under § 820.8). Again, because Plaintiff's SAC does no more than identify Rackley as the Warden, and states no facts pointing to any personal involvement or participation on Rackley's part in the circumstances surrounding Plaintiff's care and treatment, Plaintiff has also failed to state a cognizable claim against Rackley based on state law, and consequently his remaining causes of action premised on state law (the Third through Tenth Claims for Relief) also fail.[5]

## CONCLUSION

For all the above reasons, Defendant Rackley's Motion to Dismiss (ECF No. 17) is GRANTED. Plaintiff may amend his SAC, should he choose to do so, not later than twenty (20) days after the date this Memorandum and Order is electronically filed. Failure to file an amended pleading within those time parameters will result in the dismissal, with prejudice, of Rackley as a defendant to this lawsuit without further notice.

IT IS SO ORDERED.

Dated: May 29, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that Plaintiff does not oppose dismissal of his Fifth and Sixth Claims for Relief inasmuch as they are asserted against Defendant Rackley. See Pl.'s Opp., 1:23-25. Those claims allege a failure to discharge mandatory duty under California Government Code § 815.6, and medical malpractice, respectively.

8