UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY COX,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN JOAQUIN d/b/a SAN JOAQUIN GENERAL HOSPITAL, et al.,<br><br>    Defendants. | No. 2:17–cv–0989–MCE–CKD<br><br>ORDER<br><br>(ECF Nos. 71, 72.) |

On September 9, 2022, plaintiff Tony Cox and defendant the County of San Joaquin filed cross-motions in a discovery dispute regarding plaintiff's desire for further deposition(s) of the County's Rule 30(b)(6) designee(s). (ECF Nos. 71, 72.) The County noticed its motion for protective order for hearing on October 12, 2022, while also stating that the motion was being submitted on the papers. (ECF No. 71.) Plaintiff noticed his motion to compel for hearing on September 21, 2022. (ECF No. 72.) Each party attached to its own motion an opening brief in support, and plaintiff also attached to his motion a purported Local Rule 251 Joint Statement regarding both motions. (ECF Nos. 71.1, 72.1, 72.3.)

The ostensible Joint Statement is simply a combination of the various sections of the parties' separate briefs rearranged into a format that resembles a Local Rule 251 joint statement. While each party's arguments generally oppose the other's stated positions, the current Joint

Statement lacks meaningful responses to the specific arguments raised by the opposing sides. The purpose of requiring a Local Rule 251 joint statement is so that in the process of <u>cooperatively preparing</u> that document the parties might come to better understand each other's positions and narrow their dispute through compromise (if not complete resolution) of the issues. As the Joint Statement currently stands, the court is not certain exactly which issues require judicial resolution because neither party responds directly to the other's arguments; instead, each side has simply put forth its stand-alone argument in support of its own cross-motion.

As just one example, it is unclear whether the court must address Deposition Topics 10, 11, or 12. Plaintiff does not appear to be trying to compel further deposition on those topics. However, the County is still moving to preclude any further deposition on those topics, and plaintiff makes only a passing argument in response. (<u>See</u> ECF No. 72.3 at 40, asserting insufficiency of Barnes deposition on these topics.) Accordingly, the parties are ordered to file an Amended Joint Statement that fully complies with Local Rule 251.

To aid the parties in continuing to meet and confer and in preparing their Amended Joint Statement, the court makes the following observations. First, although the court believes County counsel's characterization of plaintiff's counsel taking an angry and aggressive tone and manner at Dr. Willett's June 29, 2022 deposition, the transcript does not betray any overtly unprofessional conduct by plaintiff's counsel. The court therefore is not presently inclined to preclude the taking of any further depositions based purely on how Dr. Willett's deposition was conducted.

On the other hand, the court also is not inclined to compel the County to designate further Rule 30(b)(6) deponent(s) just because plaintiff's counsel believes the previously proffered Rule 30(b)(6) deponents were inadequately prepared to testify on behalf of the County. Whether or not plaintiff's counsel is correct as to the previous witnesses' level of preparation, the question at this point is whether any further Rule 30(b)(6) depositions should be held. Therefore, plaintiff's counsel should focus on identifying (for the benefit of the County in further meet and confer, and for the court should the matter not be independently resolved) what types of questions and information plaintiff still requires from the County that could be answered through further deposition(s) of the County's representative(s). To the extent plaintiff simply seeks verification

of the steps taken to search for responsive information and documents and the resulting conclusion that no information or documents exist, plaintiff's counsel should explain why a further deposition is the best way to achieve that result, as opposed to limited additional written discovery requests.

Finally, on the present record, even assuming plaintiff prevails in any part on his motion, the court is disinclined to award the tens of thousands of dollars in fees that plaintiff's counsel presently seeks as sanctions. (See ECF No. 72.1 at 26, requesting $31,500 for preparing for and taking prior depositions and bringing present motion to compel.) Any fee request can be further litigated after the substantive motions have been decided, but the court notes that simply prevailing on this motion would not automatically entitle plaintiff's counsel to recover his fees for taking the prior depositions, especially given that plaintiff's counsel could have brought a similar motion to compel much sooner (and before the subject depositions) after the County served its first objections to the Rule 30(b)(6) deposition notice in February 2022.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. The hearings on the County of San Joaquin's motion for protective order (ECF No. 71, presently set for October 12, 2022) and plaintiff's motion to compel (ECF No. 72, presently set for September 21, 2022) are RESET to be heard together on **Wednesday, September 28, 2022, at 10:00 AM via Zoom**; and

2. The parties shall file an Amended Joint Statement regarding both motions (or a notice withdrawing the motions) no later than **September 21, 2022**.

Dated: September 13, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19,cox.0989

3