UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY COX,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN JOAQUIN d/b/a SAN JOAQUIN GENERAL HOSPITAL, et al.,<br><br>Defendants. | No. 2:17-cv-0989-TLN-CKD<br><br><br><br>ORDER |

Plaintiff, Tony Cox, and defendant, the County of San Joaquin ("the County"), filed cross-motions on a discovery dispute regarding plaintiff's desire for further witness designation(s) and deposition(s) under Federal Rule of Civil Procedure, Rule 30(b)(6). (ECF Nos. 71, 72.) The parties appeared for a hearing via videoconference on September 28, 2022. Counsel John R. Parker, Jr., appeared for plaintiff and Stephanie L. Roundy appeared for the County.

**I. BACKGROUND**

Among other claims against other defendants, plaintiff Tony Cox alleges San Joaquin General Hospital ("SJGH") negligently caused or contributed to his severe and permanent paraplegia during his care there on May 2, 2016. (See generally, ECF No. 32, Fourth Amended Complaint.) As set forth in the parties' amended joint statement on the discovery dispute, plaintiff arrived at SJGH from Folsom State Prison on May 2, 2016, after which SJGH employees

1

transferred him between gurneys, twice. (See ECF No. 74 at 31-32.)[1] Plaintiff's negligence claim against the County is based on these gurney transfers. (See id.)

On January 21, 2022, pursuant to Federal Rule of Civil Procedure 30(b)(6), plaintiff served a Notice of Taking Deposition of Defendant County of San Joaquin on County counsel ("deposition notice"). (See ECF No. 74-1, Exhibit 1.)

To date, the County has produced three 30(b)(6) designees, Jennifer Willet ("Dr. Willet"), Dara Bonjoc ("Ms. Bonjoc") and Mary Barnes ("Ms. Barnes"). Plaintiff alleges each deponent was unprepared to testify competently as the County's representative.

On September 9, 2022, plaintiff filed the instant motion to compel. (ECF No. 72.) Plaintiff seeks an order compelling the County to produce a witness or witnesses adequately prepared to testify on topics 9, 10, 11, 12, 13, 14, and 15 of the deposition notice, and to produce documents pursuant to the schedule items in the deposition notice.

Also on September 9, 2022, the County moved for a protective order. (ECF No. 71.) The County seeks a protective order precluding plaintiff from taking further depositions on the Rule 30(b)(6) deposition notice. The County asserts the witnesses produced were adequately prepared, answered all of plaintiff's questions, and that plaintiff has failed to identify in meet and confer any questions the witnesses were unable to answer due to inadequate preparation. (ECF No. 74 at 44-46.) The County also seeks a protective order due the behavior of plaintiff's counsel, whom the County describes as having used an aggressive and angry tone, refusing to turn on his video during a Zoom deposition, and focusing on questions needed pertinent to this motion rather than seeking information relevant to plaintiff's claims." (Id. at 44-45.)

Non-expert discovery is closed, except as to the issues relating to plaintiff's January 21, 2022, deposition notice. (See ECF No. 70 at 2, Stipulation and Order.) Discovery on the matters at issue herein will close on October 13, 2022. (Id.)

On September 13, 2022, the court reset the parties' cross-motions be heard together and ordered them to file an amended joint statement addressing both motions. (ECF No. 73.) See

---

[1] Citations to page numbers in CM/ECF documents refer to the page number at the top of the document assigned by CM/ECF.

Local Rule 251. The parties filed their amended joint statement addressing the discovery dispute on September 21, 2022. (ECF No. 74.)

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 26(b)(1), parties

> May obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. Pro. 26(b)(1). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (citations omitted).

Under Federal Rule of Civil Procedure 30(b)(6), a partying noticing the deposition of a government entity or other organization "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). If this burden is met, the entity must then designate one or more persons to testify on its behalf "about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Because Rule 30(b)(6) requires the designated deponent to testify about "information known or reasonably available to the organization," the entity designating a 30(b)(6) witness "must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 433 (5th Cir. 2006) (citation and internal quotation marks omitted). It falls on the entity to prepare the designee to provide binding answers on its behalf. QBE Ins. Corp. v. Jorda Enterprises, Inc., 277 F.R.D. 676, 688 (S.D. Fla. 2012).

Rule 37(d) permits courts to order sanctions if a party's 30(b)(6) designee is not prepared to testify on the noticed topics. Fed. R. Civ. P. 37(d). A 30(b)(6); see Black Horse Lane Assoc., L.P. v. Dow Chem. Corp., 228 F.3d 275, 304 (3rd Cir. 2000) ("[P]roducing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d)[.]").

## III. DISCUSSION

### A. Meet and confer requirements were met.

Plaintiff asserts the County's motion for a protective order is procedurally deficient and should be denied because "the County failed to meet and confer as required by Fed. R. Civ. P. 26(c)(1) and Local Rule 251 before filing its motion for a protective order." (ECF No. 74 at 6.) The court finds no deficiency in the motion.

Federal Rule of Civil Procedure 26(c)(1) provides a "party… from whom discovery is sought may move for a protective order…. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." The Local Rules also require meet and confer efforts, which may take place either prior to the filing of the motion or prior to the hearing on the motion. See Local Rule 215(b).

Here, the County's motion for a protective order includes a declaration by counsel detailing meet and confer efforts undertaken by the parties prior to the filing of the motion for protective order. (ECF No. 71-2.) It is additionally clear from the parties' amended joint statement that the County continued some meet and confer efforts because a further document production was made on September 19, 2022. (See ECF No. 74 at 55.) Plaintiff does not specify what meet and confer plaintiff believes the County failed to do. To any extent plaintiff may be asserting the County did not inform plaintiff the protective order would be filed, or did not use the technically correct language for a good faith certification, plaintiff neither specifies that is the issue nor demonstrates the motion is procedurally deficient in light of the parties' ongoing meet and confer regarding this discovery dispute.

The court therefore proceeds by examining whether plaintiff described the noticed topics with reasonable particularity, Fed. R. Civ. P. 30(b)(6), whether the County failed to prepare its 30(b)(6) designees on those topics, see Brazos River Auth., 469 F.3d at 433, whether plaintiff is entitled to additional document production, and whether the County is entitled to the requested protective order.

////

**B. Topics 9, 10, 11, 12 and 14 are set forth with reasonable particularity.**

The deposition notice identified fifteen topics for the County to designate a witness or witnesses to testify ("deposition topics"). Seven deposition topics are at issue in this motion.

Topic 9: The details of all care provided to Tony Cox by the County of San Joaquin, including without limitation at San Joaquin General Hospital, on or around May 2, 2016, including without limitation the individuals involved with any gurney transfer of Tony Cox.

Topic 10: The County of San Joaquin's policies and procedures relevant to care provided to Tony Cox by the County of San Joaquin, including without limitation at San Joaquin General Hospital, including policies and procedures regarding transfers, including gurney transfers, for patients with suspected spinal injuries.

Topic 11: The County of San Joaquin's policies and procedures relevant to care provided to Tony Cox by the County of San Joaquin, including without limitation at San Joaquin General Hospital, including without limitation policies and procedures regarding gurney transfers, and, specifically, gurney transfers for patients with suspected spinal injuries.

Topic 12: All training required for and/or provided to the individuals at San Joaquin General Hospital who undertook care of Tony Cox regarding gurney transfers, and, specifically, gurney transfers for patients with suspected spinal injuries.

Topic 13: All complaints, internal or external, lawsuits, or any other document of an injury claimed to be related to a gurney transfer at San Joaquin General Hospital from 2011 to the present.

Topic 14: The names, job titles when attending to Tony Cox, and contact information of all individuals who provided care to Tony Cox at San Joaquin Medical Center, including without limitations, doctors, nurses, orderlies, and any other care providers.

Topic 15: The factual basis for each and every affirmative defense pleaded by the County of San Joaquin in its operative Answer in this matter.
(ECF No. 74-1 at 9-10.)

The County made various objections to the deposition topics. (ECF No. 74-1, Exhibit 3.) Through meet and confer, the parties reached a further understanding as to Topic 9, that

5

plaintiff's counsel was looking for information about plaintiff's treatment in the emergency department on May 2, 2016. (ECF No 74 at 44.)

The court finds that plaintiff's topics 9, 10, 11, 12 and 14 meet the requirements of Rule 30(b)(6) without a need for further analysis. Topics 13 and 15 are addressed separately below.

**B. An order compelling witness designation is appropriate for Topic 13.**

Topic 13 addresses other complaints, lawsuits, and documentations of injuries claimed to be related to gurney transfers at SJGH from 2011 to the present. Plaintiff argues this information is relevant because it goes to the County's notice as to the possibility of injury in connection with how he was treated at the hospital on that particular day. (ECF No. 74 at 39.)

The County argues other claims unrelated to plaintiff are "clearly not relevant and not within the scope of discovery allowed by Federal Rule of Civil Procedure 26(b)(1)." (ECF No. 74 at 50.) And further:

> This category is overbroad and irrelevant and it is quite foreseeable that plaintiff's counsel will attempt to push beyond the limits of permissible and reasonable discovery. This category also contains many items that are protected from discovery. This claim against the County is a state law medical negligence claim and all of the state laws protecting documents, such as Evidence Code Section 1157[2] apply to this category. Any lawsuits against the County are public record and equally available to plaintiff.

(Id.) In amended argument, the County reasserts that the request lacks relevancy and adds that plaintiff made no effort to meet and confer to limit the scope of this request (Id.)

The County fails to meet its burden of showing the discovery should be prohibited by clarifying, explaining or supporting valid objections. First, the County provides no legal authorities or argument in support of an assertion that other incidents unrelated to plaintiff are outside the scope of discovery. While past negligence or claimed negligence cannot be used to establish negligence in this case, see Fed. R. Evid. 404, this type of information could show the County was aware of specific risks, as relevant to the negligence claim. See generally, e.g.,

---

[2] Section 1157 of the California Evidence Code is a state-law medical peer review committee privilege, and provides, generally, that proceedings and records of hospital medical staffs concerned with evaluation and improvement of the quality of care in the hospital shall not be subject to discovery. See Cal. Evid. Code § 1157. (ECF No. 74 at 50.)

6

1  Mcswain v. United States, No. 2:15-cv-01321-GMN-GWF, 2016 WL 4530461, at *6 (D. Nev.
2  Aug. 30, 2016) ("Certainly, prior incidents involving the subject dog and TSA trainer would be
3  relevant to the issue of negligence."); Phillips v. C.R. Bard, Inc., No. 3:12-CV-00344-RCJ, 2015
4  WL 260873, at *5 (D. Nev. Jan. 21, 2015) ("Failures of any kind causing injury occurring before
5  the incident here are relevant to Defendants' knowledge of the risk of harm to Plaintiff and thus to
6  whether they exercised due care."). Second, the County fails to show the topic is inappropriate
7  simply because it involves items claimed to be protected from discovery. "[I]t is simply no
8  answer to a 30(b)(6) deposition notice to claim that relevant documents or investigations are
9  privileged and that therefore no knowledgeable witness can be produced." Wilson v. Lakner,
10 M.D., 228 F.R.D. 524, 529 (D. Md. 2005); see also, generally A. Farber & Partners, Inc. v.
11 Garber, 234 F.R.D. 186, 192 (C.D. Cal. 2006) (like the attorney-client privilege, a party claiming
12 work product immunity has the burden of proving the applicability of the doctrine). Simply
13 referencing the existence of California Evidence Code § 1157 falls far short of demonstrating that
14 privilege bars the discovery plaintiff seeks. See, e.g., Wilson v. Lakner, M.D., 228 F.R.D. 524,
15 529 (D. Md. 2005) (hospital sued for malpractice could not avoid its discovery obligations by
16 claiming that relevant documents or investigations were subject to either attorney work-product
17 or state-law medical peer review committee privilege; hospital was required to provide
18 knowledgeable fact witness for deposition even if preparation required tracking of same
19 investigative ground that counsel and peer review committee had traversed). Third, the County
20 has not provided a declaration or any other evidence demonstrating that finding this information
21 and preparing a witness accordingly would be unduly burdensome.

22          At the hearing on this matter, County counsel stated the County had refused to designate a
23 witness on this topic without some narrowing of its scope. The undersigned is inclined to grant
24 plaintiff's motion as to Topic 13 and compel the County to designate a witness on this topic as it
25 was noticed. However, the parties shall meet and confer forthwith on their dispute as to Topic 13
26 and attempt to resolve the dispute. To any extent the County continues to assert in good faith that
27 preparing a witness to testify on the full topic as noticed would be an undue burden, and to any
28 extent that plaintiff does not agree to reduce the scope accordingly, the undersigned will be

available for an informal telephonic conference. The parties are directed to the undersigned's case management procedures for informal telephonic conferences on discovery disputes, available on the court's website.

### C. Topic 15 is overbroad and otherwise inappropriate.

Plaintiff is not entitled to have a witness designated on Topic 15 regarding the factual basis for each and every affirmative defense pleaded by the County. A recipient of a Rule 30(b)(6) request is "not required to have its counsel muster all of its factual proof and prepare a witness to be able to testify on a given defense our counterclaim." In re Indep. Serv. Organizations Antitrust Litig., 168 F.R.D. 651, 654 (D. Kan. 1996) (internal quotation marks omitted). Such a deposition topic is "overbroad, inefficient, and unreasonable." Id. This rule holds especially true when the information sought was likely discoverable from other sources. Id. (citing E.E.O.C. v. HBE Corp., 157 F.R.D. 465, 466-67 (E.D. Mo. 1994)).

### D. Were the 30(b)(6) designees inadequately prepared?

#### 1. Topic 9 Regarding Details of Plaintiff's Care on May 2, 2016

As to Topic 9, regarding the details of plaintiff's care on May 2, 2016, the County produced Dr. Willet to give a physician's assessment of plaintiff's care in the emergency department and produced Ms. Bonjoc to give a nursing assessment of plaintiff's care in the emergency department. (ECF No. 74 at 45.)

Plaintiff argues Dr. Willet and Ms. Bonjoc were unprepared in two ways primary ways:

> (1) the witnesses did not speak to any individuals treating plaintiff, even though "several knowledgeable witnesses" were identified in the objection to plaintiff's deposition notice, such as Abdul Alim RN, Denisha Felton, Veela Lymul, Jerry Metzler, and Bjorn Lobo
>
> (2) the witnesses did not review complete administrative, medical records, or communications by the County and its staff regarding Plaintiff's care.

(ECF No. 74 at 43.)

Plaintiff argues the witnesses were unprepared because they only had knowledge of plaintiff's care from the medical chart. The County responds that "the only information known to the County regarding the care and treatment of plaintiff is contained in the medical record." (ECF

8

No. 74 at 44.) The County represents that both designees "had reviewed and had access to the records from the emergency department." (Id. at 45.) The County seeks a protective order preventing further deposition testimony on these topics. (Id. at 45-46.)

Specific to the gurney transfer(s) at issue, Ms. Bonjoc testified there is no documentation in the medical chart regarding a gurney transfer because this is not something usually documented in the medical chart. (ECF No. 74 at 46.) Both Ms. Bonjoc and Ms. Barnes testified there is no way to determine who performed the gurney transfer when plaintiff was taken for the MRI. (Id.)

The County must prepare its designees with information known or reasonably available. Brazos River Auth., 469 F.3d at 433. For example, under Rule 30(b)(6), the responding party "must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits." Adidas Am., Inc. v. TRB Acquisitions LLC, 324 F.R.D. 389, 394-95 (D. Or. 2017).

Here, plaintiff identifies no prior deposition testimony or specific documents that Dr. Willet and Ms. Bonjoc failed to review pertaining to plaintiff's care. Plaintiff also does not identify any specific questions that Dr. Willet and Ms. Bonjoc were demonstrably unprepared to answer about the care provided to plaintiff on May 2, 2016, including relating to any gurney transfers. In addition, plaintiff's counsel declined the court's suggestion by made by order issued prior to the amended joint statement (see ECF No. 73 at 2-3) and at the hearing to explain why a further deposition rather than limited additional written discovery requests were needed to obtain more information about the County's preparation of its designees. Plaintiff simply maintains he is entitled to test whether "the chart is literally all the County knows about the care provided to Mr. Cox" through a further deposition of the County's designee. (ECF No. 74 at 43.)

However, plaintiff fails to explain what other information could potentially be forthcoming from further witness designation and testimony.[3] In the court's view, the crux of plaintiff's issue at to Topic 9 is not witness preparation, but rather, the depth of the County's

---

[3] At the hearing on this matter, plaintiff's counsel expressed concern about the possibility of surprise witnesses at trial, presumably in the form of some hospital employee not previously disclosed. The remedy for such a concern lies in the filing of a pretrial motion seeking to exclude such evidence.

9

knowledge. To the extent plaintiff argues the designees were inadequately prepared because they had not spoken to the five individuals identified in the County's objection to the deposition notice (see ECF No. 74 at 42-43), the court is unable to conclude that these individuals or any other individuals at the hospital had information relevant to the County's position, other than what is in the emergency chart, such that the County's designees on this topic were not adequately prepared. Considering all these factors, plaintiff has failed to substantiate a need for the County to redesignate a Rule 30(b)(6) witness to be deposed further on this topic.

### 2. Topics 10, 11, and 12 regarding Training, Policies and Procedures[4]

Topics 10, 11, and 12 involve SJGH's policies and procedures and training of its employees. Plaintiff argues these topics are relevant to whether the County's staff met the requisite standard of care. (ECF No. 74 at 39.)

As to these topics, the County produced Ms. Barnes, who has been the assistant department manager of the emergency department and a staff nurse for 20 years. (ECF No. 74 at 45, 49.) Ms. Barnes testified she had not reviewed any written policies and procedures in advance of the deposition but knew "the general spirit of them" from her 20 years of experience in the emergency department, serving as the educator and/or the manager and having been involved in every aspect of patient care. (Id. at 19.) As to training, Ms. Barnes testified each staff member receives orientation training on how to transfer a patient from one gurney to another; this is "on the job" training for which there is no written documentation. (Id. at 49.)

Plaintiff argues Ms. Barnes was unprepared because she "talked to nobody at the Hospital at all and reviewed no documents, including the written policies and procedures[.]" (ECF No. 74 at 17.) The County responds that there is no policy specific to gurney transfers. (Id. at 47.) Ms. Barnes testified the County does not have a specific policy pertaining to gurney transfers and that gurney transfers are performed by whatever staff is available. (Id. at 49.) Since gurney transfers are not documented in the chart, the County has no way of determining who performed the gurney transfer when plaintiff was taken for an MRI. (Id.) The County seeks a protective order as

---

[4] Topics 10 and 11 regarding the County's policies and procedures are related to document production Schedule Item No. 3, discussed below.

to these topics on the ground that there are no written policies relevant to plaintiff's claims that have not been provided and a qualified and prepared witness was already produced who answered all questions asked. (Id. at 48.)

Plaintiff's portion of the amended joint statement does not respond substantively to the County's arguments regarding Topics 10, 11 and 12, even though the parties were previously cautioned that "the [initial] Joint Statement lacks meaningful responses to the specific arguments raised by the opposing sides." (ECF No. 73 at 1-2.) Although Ms. Barnes did not talk to other people at the hospital to prepare and did not review the hospital's written policies and procedures prior to the deposition, plaintiff fails to show that these alleged omissions rendered her unprepared and unable to answer questions. Plaintiff fails to substantiate a need for the County to redesignate a Rule 30(b)(6) witness for further deposition testimony on Topics 10, 11, or 12.

### 3.  Topic 14 Regarding Plaintiff's Care Providers at SJGH

Topic 14 involves "The names, job titles when attending to Tony Cox, and contact information of all individuals who provided care to Tony Cox at San Joaquin Medical Center, including without limitations, doctors, nurses, orderlies, and any other care providers."

The County argues this information has been provided in multiple formats, including the medical chart which has been in plaintiff's possession since March 2020, and which was provided to plaintiff again on August 30, 2022. (ECF No. 74 at 51.) The County argues plaintiff has made no effort to meet and confer on this category and that there is no reason to require the County to produce a deponent on this category. (Id.)

Plaintiff argues, generally, that the County must produce adequately prepared witnesses even though the County contends that the documents state its position. (ECF No. 74 at 40.) Otherwise, plaintiff's portion of the amended joint statement makes no argument specific to Topic 14 and does not clearly respond to the County's arguments specific to Topic 14, even though the parties were previously cautioned that "the [initial] Joint Statement lacks meaningful responses to the specific arguments raised by the opposing sides." (ECF No. 73 at 1-2.)

As argued by plaintiff, the simple fact that information can be obtained by other means of discovery does not prohibit a 30(b)(6) deposition. See Murphy v. Kmart Corp., 255 F.R.D. 497,

1  506–07 (D. S.D. 2009) ("Producing documents and responding to written discovery is not a
2  substitute for providing a thoroughly educated Rule 30(b)(6) deponent."). That said, plaintiff's
3  deposition notice, just like other discovery requests, is subject to the proportionality principle that
4  underlies all civil discovery. See Fed. R. Civ. P. 26(b)(1). The scope of discovery is not
5  unlimited. A court may limit discovery when "the discovery sought is unreasonably cumulative or
6  duplicative, or can be obtained from some source that is more convenient, less burdensome, or
7  less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

8  Plaintiff does not attempt to show that compelling the County to designate a Rule 30(b)(6)
9  witness on Topic 14 at this point would not be cumulative of other discovery already received.
10 Plaintiff also fails to explain what further Rule 30(b)(6) testimony could possibly reveal regarding
11 the identify of plaintiff's care providers at SJGH. For these reasons, the court finds plaintiff has
12 failed to substantiate a need for the County to designate a Rule 30(b)(6) witness to be deposed on
13 Topic 14 because the discovery sought is unreasonably cumulative or duplicative.

### E. Documents

The January 21, 2022 deposition notice included multiple requests for production of documents. Four schedule items remain at issue and are addressed individually below.

#### 1. Schedule Item No. 1

Schedule Item No. 1: The ORIGINAL RECORDS of any writings regarding Tony Cox, including, but not limited to, medical and psychosocial records or chart notes, lab tests, x-rays, reports, correspondence, office records, office charts, billing and accounting records, consultation records, contracts, written admission agreements, and all other manner of DOCUMENTS (for purposes of this PMQ notice and the request for documents sought herein, the term "DOCUMENTS" shall mean any writing or tangible thing from which data or information can be obtained or translated [if necessary, through detection devices into usable form]) pertaining to Tony Cox.

Plaintiff argues the County's boilerplate objections to plaintiff's schedule items were insufficient. (ECF No. 74 at 53.) The County responds that plaintiff was provided a copy of plaintiff's entire medical chart from SJGH in March 2020 and the same medical chart was

provided again in August 2022. (Id. at 54.)

Plaintiff does not indicate there are any specific documents the County has not produced in response to Schedule Item No. 1 or otherwise make any attempt to explain why plaintiff believes there are additional documents. An implied argument that the County may possibly be withholding additional documents fails to demonstrate the kind of substantive deficiency necessary for the court to compel further search or production. Plaintiff's mere suspicion that additional documents exist is insufficient to compel further search or production. See Lugo v. Fisher, No. 1:19-cv-0039-NONE-SAB, 2020 WL 2770074, at *2 (E.D. Cal. May 28, 2020) (in the absence of legal or fact-based substantive deficiencies, a party is required to accept responses that are facially legally sufficient).

**2. Schedule Item No. 3 (also described as Schedule Item No. 4)[5]**

Schedule Item No. 3: All policy and procedure manuals in effect at YOUR FACILITY during the residency of Tony Cox.

Plaintiff states the County has continually asserted there are no responsive documents to this Schedule item, yet Ms. Barnes confirmed at her deposition that SJGH has written policies and procedures. (ECF N. 74 at 53.)

The County argues that requiring production of every policy and procedure within the hospital is unreasonable and overly burdensome. (ECF No. 74 at 54.) The County represents that through meet and confer, it was clarified that plaintiff sought policies related to gurney transfers through this request, and two witnesses have testified that the hospital does not have a written policy pertaining to gurney transfers. (Id. at 54-55.) One policy entitled "spinal assessment and treatment" was located and provided to plaintiff. (Id. at 44.)

Plaintiff fails to respond to the County's representation about the parties' meet and confer regarding the scope of policies sought, even though both parties were previously warned that the initial briefing filed "lack[ed] meaningful responses to the specific arguments raised by the opposing sides." (ECF No. 73 at 2.) Plaintiff makes no argument in support of requiring the

---

[5] Plaintiff identifies the schedule item seeking policy and procedure manuals as Schedule Item No. 4, but it is Schedule Item No. 3 in the deposition notice. (See ECF No. 74-1 at 13.)

1  County to produce all policy and procedure manuals. Plaintiff fails to demonstrate that further
2  production should be compelled as to this schedule item.
3        The court will separately address a trauma policy mentioned by plaintiff's counsel at the
4  hearing on this matter. Plaintiff's counsel identified a trauma policy as one of the policies the
5  County has not produced. County counsel responded with the County's view that a trauma policy
6  was not produced because, in the County's view, the hospital's trauma policies do not have
7  relevance to gurney transfers. Nowhere in plaintiff's argument of the amended joint statement did
8  plaintiff clearly raise the issue of a trauma policy not having been produced.[6] A party's insistence
9  that relevant documents have not been produced, without specific, factual argument in support
10  thereof, does not assist the court to discern whether any relief is warranted. Moreover, the
11  undersigned is inclined to believe that adequate meet and confer efforts regarding trauma policies,
12  specifically, would have resulted in their production. Nevertheless, the court will order the
13  County to produce copies of all trauma policies referenced by Ms. Barnes in her deposition.

14        **3. Schedule Item Nos. 6 & 9 (also described as Schedule Item Nos. 7 & 10)[7]**

15        <u>Schedule Item No. 6</u>: All DOCUMENTS of any kind, regardless of title, that identify,
16  memorialize or in any way relate to the hours worked by YOUR employees during any and all
17  dates of Tony Cox's stay at YOUR FACILITY.
18        <u>Schedule Item No. 9</u>: All DOCUMENTS showing the hours worked by all employees at
19  YOUR FACILITY during any and all dates of Tony Cox's stay. (ECF No. 74 at 8.)
20        The County's initial response was that it conducted a reasonable search, and no responsive
21  documents were found. (<u>Id.</u> at 8.)
22  ////
23

---

24  [6] The only mention of a trauma policy the court finds in the amended joint statement is within a four-page reproduction of the deposition testimony of Ms. Barnes. (<u>See</u> ECF No. 74 at 21.) This did not adequately inform the court that plaintiff was taking a position that the trauma policy was a relevant policy that should have been produced.

27  [7] Various portions of the amended joint statement identify these schedule items as No. 7 and No. 10, but they are Schedule Item No. 6 and Schedule Item No. 9 in the deposition notice. (<u>See</u> ECF No. 74-1 at 13.)

As to Schedule Items No. 6 and No. 9, plaintiff argues the County's boilerplate objections are insufficient. (ECF No. 74 at 53.) The County responds that it conducted a search, and on September 7, 2022, produced a work schedule for Dr. Willet for hours worked on May 2, 2016. (Id. at 55.) The County further represents that in continuing efforts to meet and confer, it searched off site storage and found and produced staff schedules for the emergency department on May 2, 2016, consisting of three pages with the names of the employees who were scheduled to work. (Id.) The County produced these additional documents on September 19, 2022. (Id.)

Plaintiff's portion of the amended joint statement again does not address the County's arguments and does not indicate there are any additional documents plaintiff believes the County has not produced in response to Schedule Item No. 6 and No. 9. Under these circumstances, plaintiff fails to demonstrate that further production should be compelled as to these schedule items.

**F.  Protective Order**

To the extent the County requests a protective order based on its representation of the behavior of plaintiff's counsel at the prior depositions, the motion is denied. For the reasons set forth above, the County's motion for a protective order will be granted in part and denied in part.

**G.  Request for Sanctions**

Pursuant to Federal Rule of Civil Procedure 37(a)(5), when the court grants a motion to compel, it must require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in making the motion, unless, as pertinent here, the opposing party's nondisclosure, response, or objection was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). Here, the court grants only a small part of plaintiff's motion and declines to award expenses related to the motion at this time because almost all of the issues raised by plaintiff were subject to legitimate dispute. If, however, the County fails to comply with the court's order compelling further meet and confer and further document production, then plaintiff is not precluded from seeking sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2).

////

**IV. ORDER**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 72) is GRANTED in part and DENIED in part, as follows:

    a. GRANTED as to Topic 13 of the January 21, 2022 Rule 30(b)(6) deposition notice, in that the parties shall meet and confer forthwith on their dispute as to Topic 13 and attempt to resolve the dispute; to any extent the County continues to assert in good faith that preparing a witness to testify on the full topic as noticed would be an undue burden, and to the extent that plaintiff does not agree to reduce the scope, the undersigned will be available for an informal telephonic conference.

    b. GRANTED as to the Schedule Item No. 3 in that the County shall produce copies of all trauma policies referenced by Ms. Barnes during her deposition within 7 days of the date of this order.

    c. DENIED in all other respects.

2. The County of San Joaquin's motion for a protective order (ECF No. 71) is GRANTED in part except as set forth above regarding Topic 13 and Schedule Item No. 3.

3. Plaintiff's request for attorney fees and costs related to the preparation and filing of the motion to compel is DENIED.

Dated:  September 29, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Cox17cv0989.30b6