UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY COX, | No. 2:17-cv-00989-MCE-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| COUNTY OF SAN JOAQUIN, dba San Joaquin General Hospital, et al., | |
| Defendants. | |

Plaintiff Tony Cox ("Plaintiff") initiated this action against various Defendants arising out of allegedly substandard care he received while incarcerated with the California Department of Corrections and Rehabilitation ("CDCR"). In his operative Fourth Amended Complaint, Plaintiff contends generically that he exhausted his administrative remedies. Defendants Kiranbir Dhillon and Jeffrey Meinzer (collectively, "Defendants") now move for summary adjudication of the state law claims directed at them arguing that the undisputed facts show otherwise. ECF No. 57. Defendants are correct.[1]

---

[1] The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a

1

1    Plaintiff concedes that he did not exhaust his administrative remedies within the
2 requisite 30 days but contends that his failure should be excused because his medical
3 status made doing so impossible.  See Johnson v. City of Loma Linda, 24 Cal. 4th 61,
4 70 (2000) ("Exhaustion of administrative remedies is 'a jurisdictional prerequisite to
5 resort to the courts.'" (quoting Abelleira v. District Court of Appeal, 17 Cal. 2d 280, 292
6 (1941)) (emphasis in original).  CDCR's grievance regulations provide for late filing in
7 such circumstances, however.  See Cal. Code Regs., tit. 15, § 3084.6(a)(4) ("Under
8 exceptional circumstances any appeal may be accepted if the appeals coordinator or
9 third level Appeals Chief conclude that the appeal should be subject to further review.
10 Such a conclusion shall be reached on the basis of compelling evidence or receipt of
11 new information such as documentation from health care staff that the inmate or parolee
12 was medically or mentally incapacitated and unable to file.").[2]  The undisputed facts
13 show that Plaintiff was able to file grievances in late 2016 and early 2017.  Accordingly,
14 he could have filed the requisite grievance, even outside the first 30 days, but he did not.
15 In fact, it is undisputed that Plaintiff did not lodge a grievance until 2022, when he filed
16 an opposition to the instant Motion.  See Decl. of John R. Parker, Jr., ECF No. 61-1, ¶ 4,
17 Ex. A.
18 ///
19 ///
20 ///
21
22
23 genuine issue of material fact."  Celotex, 477 U.S. at 323.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any
24 material fact actually does exist.  See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).  In resolving
25 a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the
26 opposing party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which
27 the inference may be drawn.  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).
28    [2] This Order cites to the regulations effective at the time this suit was filed.

1  Because Plaintiff did not timely exhaust his claims or show why that exhaustion
2 should be excused, his state law claims against Defendants must be dismissed.
3 Defendants' Motion for Partial Summary Judgment (ECF No. 57) is thus GRANTED.
4 This action shall proceed on Plaintiff's remaining claims against both these Defendants
5 and the County of San Joaquin.
6  IT IS SO ORDERED.

DATED: October 19, 2022

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE